# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**WARREN SMITH,**

    **Plaintiff,**

v.                                         **Case No. 3:12cv172/RV/CJK**

**R. TIFFT, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

This prisoner civil rights case filed under 42 U.S.C. § 1983 is before the Court upon plaintiff's amended complaint (doc. 23) and amended motion for temporary restraining order and preliminary injunction ("amended motion for TRO") (doc. 43). On April 18, 2013, the Court entered an order (doc. 49) directing service of the amended complaint and amended motion for TRO. Defendants Martelliano, Wallace, Hall, Shaner, Gielow, Kolodziej and Barnes filed a Motion to Sever and Motion to Dismiss on June 24, 2013, arguing, in part, that plaintiff's amended motion for TRO should be dismissed as moot (doc. 66). Plaintiff has responded in opposition to severance and dismissal of his claims, but has not addressed defendants' contention that his amended motion for TRO is moot (doc. 80). The remaining defendants, McMackin, Pugh and Tifft, filed a Motion to Sever and Motion to Dismiss on August 9, 2013, (doc. 78), to which plaintiff has been ordered to respond by September 11,

2013 (doc. 79). This Report and Recommendation addresses only plaintiff's amended motion for TRO (doc. 43), which has been pending since February 5, 2013.

DISCUSSION

Plaintiff was confined at Santa Rosa Correctional Institution at the time he filed his amended motion for TRO on February 5, 2013 (doc. 43). Plaintiff's motion seeks "transfer[ ] to another close management correctional institution." (*Id*., p. 2). On March 26, 2013, plaintiff was transferred to Gulf Correctional Institution (doc. 47), where he remains confined today (*see* doc. 80, p. 4 and mailing envelope).[1] Defendants Martelliano, Wallace, Hall, Shaner, Gielow, Kolodziej and Barnes argue that plaintiff's amended motion for TRO is moot in light of plaintiff's transfer (doc. 66, p. 7). Plaintiff's response (doc. 80) does not address the mootness issue or oppose dismissal of the amended motion for TRO.

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing*

---

[1] Plaintiff's response, executed on August 12, 2013, attaches a "Declaration of Plaintiff" which speaks of plaintiff's conditions of confinement at Santa Rosa CI in the present tense, but is dated April 23, 2013. (Doc. 80, Ex. 1).

*Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Because plaintiff is no longer confined at Santa Rosa Correctional Institution, plaintiff's allegations fail to establish a substantial threat of irreparable injury if the temporary restraining order/injunction is not granted. Plaintiff therefore fails to meet the prerequisites for injunctive relief. *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (holding that to establish the irreparable injury requirement, plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent") (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)). Moreover, because plaintiff has received the transfer he seeks, his request for injunctive relief is moot. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that inmate's claims regarding treatment at facility at which inmate was no longer incarcerated were moot); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (holding that inmate's release from prison mooted claim for declaratory and injunctive relief); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (holding that inmate's transfer from county jail mooted claim for injunctive relief against county jailers); *McKinnon v. Talladega Cnty. Ala.*, 745 F.2d 1360 (11th Cir. 1984) (holding that inmate's transfer to a different jail mooted claim for declaratory and injunctive relief).

Accordingly, it is respectfully RECOMMENDED:

1. That defendants Martelliano, Wallace, Hall, Shaner, Gielow, Kolodziej and Barnes' Motion to Sever and Motion to Dismiss (doc. 66) be GRANTED to the extent the motion seeks dismissal of plaintiff's amended motion for TRO.

2. That plaintiff's amended motion for a temporary restraining order and preliminary injunction (doc. 43) be DENIED.

3. That this matter be referred to the undersigned for a report and recommendation on the remaining portions of defendants Martelliano, Wallace, Hall, Shaner, Gielow, Kolodziej and Barnes' Motion to Sever and Motion to Dismiss (doc. 66) and defendants McMackin, Pugh and Tifft's Motion to Sever and Motion to Dismiss (doc. 78).

At Pensacola, Florida, this 15th day of August, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).